```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                CRIMINAL ACTION NO. 2:13-00006

**JOSHUA CAUDILL**


<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On March 11, 2020, the United States of America appeared by Andrew J. Tessman, Assistant United States Attorney, and the defendant, Joshua Caudill, appeared in person and by his counsel, Tim C. Carrico, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Patrick M. Fidler. The defendant commenced a 30-month term of supervised release in this action on November 20, 2019, with the special condition of the first six months to be served in a community confinement center, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on June 27, 2019.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant failed to comply with the special condition in that he failed to spend the first six months in a community confinement center inasmuch as he arrived at Dismas Charities, Inc., on November 20, 2019, and was terminated two days later on November 22, 2019, after refusing to come to the check-in area for a pat down search; (2) the defendant on January 24, 2020, was found to be outside the Southern District of West Virginia when he was arrested in the Eastern District of Kentucky without having received permission from the court or the probation officer to be outside of the district; and (3) after arrangements were made on November 26, 2019, with the court's contracted treatment provider for the defendant to begin weekly substance abuse counseling sessions as well as random urine drug screens, with the first session being scheduled on December 2, 2019, all as directed by the probation officer, the defendant did not appear for any counseling sessions or urine

drug screens and absconded supervision until his arrest in Kentucky; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, with no further term of supervised release imposed.

The court makes the recommendation to the Bureau of Prisons that the defendant be placed at a facility as close to Manchester, Kentucky, or Petersburg, Virginia, as feasible.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: March 13, 2020

John T. Copenhaver, Jr.
Senior United States District Judge